**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Saleem R. Salaymeh ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:11-cv-02802-JMC |
| v. ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| Savannah River Nuclear Solutions, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 27]. Plaintiff Saleem R. Salaymeh ("Salaymeh") alleges that his employer, Defendant Savannah River Nuclear Solutions, LLC, ("SRNS"), terminated his employment on the basis of his national origin, religion and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII"). SRNS filed a Motion for Summary Judgment [Dkt. No. 17] to which Salaymeh filed his Response In Opposition to Summary Judgment [Dkt. No. 22]. SRNS subsequently filed a Motion to Strike [Dkt. No. 23] certain material it found objectionable in Salaymeh's Response.

The Magistrate Judge's Report recommends that this court grant SRNS's summary judgment motion. In reaching her decision, the Magistrate Judge did not consider the material in Salaymeh's Response to which SRNS objected. As a result, the Magistrate Judge recommends dismissing the Motion to Strike on the grounds that it is moot.

The Magistrate Judge's report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation. Upon review of the Report

1

and the record in this case, the court **GRANTS** SRNS's Motion for Summary Judgment and **DISMISSES** SRNS's Motion to Strike as moot.

## BACKGROUND

SRNS operates the Savannah River Site pursuant to a Management and Operations ("M&O") Contract with the Department of Energy ("DOE"), the owner of the site. Salaymeh worked as an advisory scientist for SRNS. His position required him to have a DOE-issued Q security clearance ("Q Clearance"), which gave him access to classified records and allowed him to access the classified area where his office was located.

On August 24, 2010, the DOE suspended Salaymeh's Q clearance. At the time of Salaymeh's Q clearance suspension, SRNS had a security clearance policy that stated:

> Employment offers are contingent upon the ability to obtain necessary security clearances. If an employee cannot obtain a security clearance, every effort is made to locate a position that does not require a clearance. Employees are subject to termination if denied site access by DOE or the Company when their management is unable to find an assignment for them not requiring access to classified information or security areas.

[Dkt. No. 17-7, at 10].

On September 1, 2010, SRNS's management team decided to change the security clearance policy such that SRNS would no longer make an effort to locate alternate positions for employees who could not maintain their security clearance. The new policy was revised as follows:

> Employees are subject to termination if denied site access by the Department of Energy (DOE) or the M&O Contractor when the employee is unable to obtain or maintain a security clearance.

[Dkt. No. 17-7, at 21]. The notes from the meeting during which the management team changed the policy specifically mentioned Salaymeh and another man, Samer Kahook, whose security clearance had been suspended by the DOE at the same time Salaymeh's clearance was

2

suspended. Specifically, the notes state: "(1) Mtg Fred, Jim + Me[1] on sec. clearance; (2) no placement for Salaymeh + Kahook; (3) no placements whatsoever." [Dkt. No. 17-6, at 33].

On September 9, 2010, Salaymeh's employment with SRNS was terminated. On September 2, 2011, Salaymeh brought the instant discrimination suit against SRNS, alleging that his employment was terminated because of his national origin, religion and color in violation of Title VII.

## STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight. *Id.* The responsibility to make a final determination remains with this court. *Id.* This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S. C. § 636 (b)(1).

## DISCUSSION

Salaymeh makes the following objections to the Report: 1) the Magistrate Judge erred in determining that Salaymeh could not establish his *prima facie* case for discrimination; and 2) the Magistrate Judge erred in determining that Salaymeh failed to establish that SRNS's legitimate, nondiscriminatory reason for Salaymeh's termination was a pretext for unlawful discrimination based on national origin and/or religion.[2]

---

[1] These names refer to members of the management team who met to discuss changing the security clearance policy.

[2] Salaymeh's Objections do not address his claims of discrimination based on color.

3

As a preliminary matter, Salaymeh alleges that the Magistrate Judge failed to follow the summary judgment standard set out in *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 151 (2000), which states that "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" (internal citations omitted). This standard does not preclude the consideration of statements from interested witnesses as Salaymeh seems to suggest, but merely serves as a reminder that courts may not weigh the credibility of the evidence submitted. In this case, the Magistrate Judge has properly analyzed the evidence and while she cites to statements made by SRNS employees, she has not improperly weighed the credibility of this evidence in a light more favorable to SRNS.

*Prima Facie* **Case of Discrimination**

Salaymeh argues that the Magistrate Judge erred in determining that the loss of his Q security clearance made him unqualified to perform his job such that he was not able to establish the "satisfactory performance" prong of his *prima facie* case of discrimination. As the Magistrate Judge correctly stated, a plaintiff's own testimony cannot establish a genuine issue as to whether the plaintiff was performing his job in a satisfactory manner. *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). It "is the perception of the decision maker . . . not the self-assessment of the plaintiff" that is dispositive in determining whether the plaintiff is meeting his employer's legitimate expectations. *Id*. (quoting *Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 960-61 (4th Cir. 1996)).

It is uncontroverted that Salaymeh's position included duties that required a DOE-issued Q clearance. Salaymeh's attempts to minimize the need for a Q clearance in his day-to-day work are unavailing; whether Salaymeh believes he needed a Q clearance to perform his job is not

4

relevant to the issue of whether his employer required him to have such a clearance. Therefore, the Magistrate Judge correctly determined that Salaymeh cannot establish that he was fully qualified to perform his job in a way that would meet his employer's legitimate expectations.

The Magistrate Judge also determined that Salaymeh could not establish the fourth prong of his *prima facie* case because he could not show that similarly situated employees outside his protected class were treated more favorably under the new security clearance policy. Salaymeh's assertion that he should be exempt from putting forth valid comparators under the holding in *Brown v. McLean*, 159 F.3d 898 (4th Cir. 1998)[3] is unpersuasive. In cases like the one at bar, where the issue is whether the employer consistently or discriminatorily applied a particular policy, the existence of comparators is relevant and perhaps singularly probative of whether a plaintiff has "received differential treatment vis-à-vis members of a different group on the basis of a statutorily described characteristic." *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 719 (4th Cir. 2013) (quoting *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581, 611 (1999) (Kennedy, J., concurring) (internal citations omitted)). Differential treatment because of membership in a protected group is, after all, at the very core of what the term discrimination implies. *Id.*

Salaymeh has not produced similarly situated employees outside his protected class who received more favorable treatment under the new security clearance policy. Meanwhile, SRNS produced evidence that eight (8) additional employees who were neither Muslim nor men of Middle Eastern/Arab descent were terminated between September 1, 2010, and October 28, 2011, as a result of their inability to maintain their security clearance in accordance with the new policy. One of these men was terminated under the new security clearance policy several days

---

[3] In *Brown*, the United States Court of Appeals for the Fourth Circuit discussed potential exceptions to the requirement that a plaintiff alleging wrongful termination must show that his employer replaced him with someone outside the protected class. *Id*. at 905-06.

before Salaymeh was terminated, which rebuts Salaymeh's argument that SRNS retroactively applied the new security clearance policy to cover up the otherwise discriminatory termination of Salaymeh. Having produced no comparators who were treated more favorably, the Magistrate Judge correctly determined that Salaymeh cannot establish the fourth prong of his *prima facie* case for discrimination.

While failure to establish a *prima facie* case of discrimination typically ends the inquiry, the court will address Salaymeh's additional objections to the Magistrate Judge's findings.

**Pretext for Discrimination**

Salaymeh argues that the Magistrate Judge improperly weighed evidence in favor of SRNS and incorrectly determined that the circumstances surrounding SRNS's decision to change its security clearance policy were not sufficient to establish pretext. The court finds that the Magistrate Judge properly analyzed the evidence without improperly weighing the credibility of such evidence in accordance with the summary judgment standard. Further, the Magistrate Judge presumed the discriminatory intent that Salaymeh believes his interpretation of this evidence tends to show and still reached the conclusion that his discrimination claims should fail because he has not shown that the new policy was applied in a discriminatory manner.

Salaymeh cites *Laing* for the proposition that lack of comparator evidence is "not required as a matter of law" to succeed on a discrimination claim when there is other persuasive and sufficient evidence that can establish pretext. 703 F.3d at 722-23. Though the *Laing* court asserts that comparator evidence is not the "final answer in discrimination law," it also placed great emphasis on the lack of comparator evidence in granting summary judgment to the defendant in that case. *Id.* Specifically, the court found that Laing's "fail[ure] to adduce any comparator evidence in her favor," coupled with the fact that the only comparator identified in

the record "was treated in the exact same manner as Laing after violating the exact same company policy in the exact same way" was "perhaps [the] most important[]" part of its analysis in determining that summary judgment was warranted. *Id.*

This case presents a similar scenario to the one in *Laing*. SRNS has produced evidence that it had a legitimate, nondiscriminatory reason for changing its security clearance policy when it did. Further, the record contains evidence that eight (8) comparators outside of Salaymeh's protected class had their employment with SRNS terminated for the same reason given for Salaymeh's termination – loss of their Q clearance. Even if, as Salaymeh suggests, the only relevant comparators are those terminated before October 12, 2010, SRNS has still put forward two (2) employees, outside of Salaymeh's protected class, whose employment was terminated during this time for failure to maintain their Q clearance. Therefore, the Magistrate Judge correctly determined that Salaymeh has not established that SRNS's decision to terminate his employment was discriminatory since it applied the new policy in a nondiscriminatory manner.

**SRNS's Motion to Strike**

SRNS moved to strike the following references in Salaymeh's Response to SRNS's Motion for Summary Judgment [Dkt. No. 22]: (1) the November 2009 terrorist attack by Major Nidal Malik Hasan at Fort Hood, Texas; (2) a 2010 Safety and Security meeting regarding "Insider Threats" presented by DOE; and (3) media coverage regarding the possibility of a new terrorist attack on September 11, 2010. Salaymeh has included these same facts in his objections, arguing that the Magistrate Judge erred by not, at least, considering the DOE presentation as evidence that SRNS's decision to change its security clearance policy was motivated by discriminatory animus. The court disagrees. As stated above, the Magistrate Judge presumed the discriminatory intent which these facts tend to show and still determined that

7

Salaymeh's claims would fail given the fact that the new security policy was applied in a nondiscriminatory manner. Therefore, the Magistrate Judge did not err in failing to consider these facts.

Since the Magistrate Judge did not consider this material in making her summary judgment recommendation, and since this court does not find that this evidence changes her analysis in any way, the court accepts the Magistrate Judge's recommendation that Defendant's Motion to Strike be denied as moot.

## CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. Defendant's Motion for Summary Judgment [Dkt. No. 17] is hereby **GRANTED,** and Plaintiff's case is **DISMISSED**. Additionally, Defendant's Motion to Strike [Dkt. No. 23] is also **DISMISSED** as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

March 18, 2013
Greenville, South Carolina